IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

DEDRA BANKS,

    Claimant

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Respondent.

CASE NO. 3:10-CV-52-CDL-MSH
Social Security Appeal

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for disability benefits and Supplemental Security Income (SSI) finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this

court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The claimant bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir.1986). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A claimant seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the claimant is working. *Id.* If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

**I.   Are the ALJ's RFC findings based on substantial evidence?**

**II.  Did the ALJ err in his treatment of Claimant's subjective complaints of pain?**

**III. Did the ALJ properly consider Claimant's obesity in his determination of Claimant's RFC?**

**IV.  Did the Appeals Council err in failing to remand the case?**

### Administrative Proceedings

Claimant protectively applied for a period of disability and disability insurance benefits on February 1, 2005, alleging disability as of that same date. (Tr. 94-98.) Claimant's application was denied initially and on reconsideration, and on September 21, 2005, Claimant timely requested a hearing before an ALJ. (Tr. 76-79, 83-86, 87.) Following the hearing, the ALJ issued an unfavorable decision on June 26, 2008. (Tr. 57-67.) The Appeals Council subsequently denied Claimant's Request for Review on May 25, 2010. (Tr. 4-6.) This appeal followed.

### Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Claimant had not engaged in substantial gainful activity since February 1, 2005. (Tr. 62.) The ALJ also concluded that Claimant has the severe impairments of history of seronegative spondyloarthropathy and osteoarthritis of the knees and lumbar spine, and the nonsevere impairment of affective disorder. (Tr. 62.) However, the ALJ found that none of these impairments, either individually or in

combination, met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 63.) The ALJ next found that Claimant had the residual functional capacity (RFC) to perform the full range of sedentary work with frequent postural changes and no fine dexterity. (Tr. 63-66.) The ALJ determined that Claimant was unable to perform any past relevant work, was a younger individual at the alleged onset date with at least a high school education, and could communicate in English. (Tr. 66.) The ALJ then found that transferability of job skills was not relevant based on the Medical-Vocational Rules (GRIDS). (Tr. 66.) Considering the Claimant's age, education, work experience, and RFC, the ALJ found that jobs existed in significant numbers in the national economy that Claimant could perform. (Tr. 66-67.) Thus, the ALJ concluded that Claimant was not disabled.

## DISCUSSION

**I.   Are the ALJ's RFC findings based on substantial evidence?**

Initially, Claimant contends that the ALJ's RFC findings are not based on substantial evidence because the ALJ rejected the opinion of Claimant's treating physician and, in so doing, misinterpreted the medical record. (Pl.'s Mem. of Law 14-15.) The Commissioner responds that the ALJ properly gave little weight to Claimant's treating physician's opinion because it was inconsistent with other evidence in the record. (Mem. in Supp. of Comm'r's Decision 7-8.) The Court finds that the ALJ's RFC is based on substantial evidence, and this enumeration of error is without merit.

5

The Regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 416.927(a)(2); *see* SSR 96-5p. An ALJ is not required to give significance to opinions of any medical provider where the opinion relates to issues reserved solely for determination by the Commissioner; this includes any physician's opinion which states that he finds the claimant disabled or that the claimant's impairments meet or equal any relevant listing. 20 C.F.R. §§ 416.927(e)(1), (2) & (3); SSR 96-5p. Determinations of disability or RFC "are not medical opinions . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. § 416.927(e); *see* SSR 96-5p.

It is well settled that the opinion of a treating physician is entitled to substantial weight unless "good cause" exists for not heeding it. *Phillips v.* Barnhart, 357 F. 3d 1232, 1241 (11th Cir. 2004). A treating physician's report may be discounted when it is not accompanied by objective medical evidence or when it is conclusory. *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991); *see also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984). A

medical opinion provided by a claimant's treating physician may be entitled to controlling weight if the ALJ finds "that the treating source's medical opinion is 'well-supported' by 'medically acceptable' clinical and laboratory diagnostic techniques. The adjudicator cannot decide a case in reliance on a medical opinion without some reasonable support for the opinion." SSR 96-2p. Additionally, the ALJ must find that the treating source's opinion is "not inconsistent" with other "substantial evidence" of record. *Id*. The weight afforded a medical source's opinion on the issues of the nature and severity of a claimant's impairments is analyzed with respect to factors including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the evidence the medical source submitted to support the opinion, the consistency of the opinion with the record as a whole, and the specialty of the medical source. 20 C.F.R. § 416.927(d). Where the ALJ articulates specific reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence, there is no reversible error. *See Moore v. Barnhart*, 405 F. 3d 1208, 1212 (11th Cir. 2005) (per curiam).

Claimant mentions two specific opinion statements made by Claimant's treating physician, Dr. Bognar, which the ALJ should have accepted. First, Claimant contends that the ALJ erred in rejecting Dr. Bognar's opinion that Claimant could not use her fingers to operate a keyboard, open jars, or engage in repetitive movement. (Pl.'s Mem. 15.) The ALJ did give this opinion little weight; however, he gave specific reasons for so doing. (Tr. 65.) The ALJ found this opinion to be too restrictive and inconsistent with

7

his RFC, which the ALJ supported by substantial evidence. (Tr. 65.) Since the ALJ has articulated specific reasons for giving this opinion little weight, and those reasons are supported by substantial evidence, there is no error. *Moore*, 405 F. 3d at 1212.

Second, Claimant asserts that Dr. Bognar opined that "the claimant's significant fatigue resulting from her chronic inflammation, as well as pain from her osteoarthritis, rendered her unable to perform any type of work" and that the ALJ "made no reference to this opinion statement." (Pl.'s Mem. 15.) This contention is likewise without merit. Dr. Bognar's opinion states:

> Ms. Banks has very significant fatigue and tiredness as a result of her active inflammation. I do not think that she will be able to do any kind of work due to her still on-going inflammation. Even if her inflammation is well controlled, she still has significant osteoarthritis at her knees. Therefore she cannot do any prolonged standing, walking (sic).

(Tr. 175.) Contrary to Claimant's assertion, the ALJ considered and specifically mentioned this opinion. The ALJ stated that he "agrees that the claimant could perform no prolonged standing and walking, and that was considered in limiting the claimant to sedentary exertion." (Tr. 65.) To the extent that Dr. Bognar's opinion goes to the issues that are solely reserved for the Commissioner, such as a determination on Claimant's RFC or whether Claimant is disabled, the Commissioner does not have to give any weight to such opinions. 20 C.F.R. § 416.927(e); *see* SSR 96-5p. Thus, the ALJ did consider and reference this opinion in his decision, and gave this opinion some weight because the ALJ limited the Claimant to sedentary exertion. The ALJ committed no error concerning this opinion.

8

**II.     Did the ALJ err in his treatment of Claimant's subjective complaints of pain?**

Claimant's second contention is that the ALJ erred in discrediting Claimant's subjective complaints of pain. Specifically, Claimant maintains that the ALJ did not give any reasons to support his finding that the evidence did not "substantiate the [C]laimant's allegations of pain and other limiting symptoms to the extent alleged." (Tr. 65.) The Court disagrees and finds that the ALJ did "articulate explicit and adequate reasons for discrediting the claimant's allegations of completely disabling symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation marks and citations omitted).

20 C.F.R. § 416.929(a), in relevant part, states that:

> Statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

Moreover, as explained above, the mere existence of impairments does not establish disability; instead, the ALJ must determine how a claimant's impairments limit his or her ability to work. *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005); *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).

Regarding credibility, Social Security Regulation 96-7p explains:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or

> psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

The Eleventh Circuit has held that in order for a claimant's subjectively alleged pain to be deemed credible by the ALJ, he or she must *first* show "evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). The ALJ must "clearly articulate explicit and adequate reasons for discrediting the claimant's allegations of completely disabling symptoms." *Dyer*, 395 F.3d at 1210 (quotation marks and citations omitted). While "[t]he credibility determination does not need to cite particular phrases or formulations," it must sufficiently indicate that the ALJ considered the claimant's medical condition as a whole. *Id*.

The ALJ found that "the [C]laimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms." (Tr. 64.) However, the ALJ then explained that "the [C]laimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [RFC] assessment *for the reasons explained below*." (Tr. 64 (emphasis added).) For the following page and a half of the decision, the ALJ reviews Claimant's medical

10

records in chronological order to show how those records conflict with Claimant's subjective complaints. (Tr. 64-65.) In sum, the ALJ found: that Claimant's "musculoskeletal disorders require no more than conservative treatment with medication[;]"[2] that although Claimant has side effects from her medications, she does "not report such each time she saw her treating physician[;]" that Claimant stated to her physician that "her pain medication provides good relief[;]" that there was "no synovitis in [Claimant's] hands" on examination in January 2008; that although she had pain in other joints, "she had a full range of motion of the wrists, elbows[,] shoulders, and hips without pain[;]" that Claimant's "neurological examination was normal[;]" and that "although the [C]laimant testified that she must elevate her legs, feet and that she cannot vacuum or do laundry, no physician, treating or otherwise, has ever indicated that there is any medical reason why the [C]laimant's activities should be so limited." (Tr. 65.)

The ALJ clearly considered the whole record in making the determination to discredit Claimant's subjective complaints and articulated explicit and adequate reasons for so doing. This is all that is required by the ALJ to comply with SSR 96-7p. *See also Dyer*, 395 F.3d at 1210 (quotation marks and citations omitted). This contention is without merit.

---

[2] Claimant contends that her "record is replete with references to the need (sic) for a total knee replacement" which the ALJ ignored in making this determination. To the contrary, the evidence that Claimant cites states that Claimant's knee issue is "mainly [a] non-surgical problem[.]" (Tr. 420.) At a follow-up visit to the same doctor, Dr. Val Phillips, he noted that Claimant's knee was "manageable" and that Claimant planned to "stick with what she is doing right now" for treatment. (Tr. 419.) Claimant was asked by Dr. Phillips to return only on an "as needed" basis. These records are consistent with the ALJ's finding that Claimant's musculoskeletal disorders required conservative treatment.

## III. Did the ALJ properly consider Claimant's obesity in his determination of Claimant's RFC?

Claimant next argues that the ALJ erred by failing to consider the effect of the Claimant's obesity on her pain and impairments. Claimant further complains that the ALJ made no specific finding regarding the Claimant's obesity. (Pl.'s Mem. 20.) In support of these arguments, Claimant cites Social Security Ruling 02-1p. SSR 02-1p, 2000 WL 628049 (Sept. 12, 2002).

SSR 02-1p states that obesity is a medically determinable impairment that an ALJ must consider in evaluating disability, that the combined effects of obesity and other impairments can be greater than the effects of each single impairment considered individually, and that obesity must be considered at various stages in the disability adjudication process, including when assessing RFC. As noted above, however, the sequential disability analysis requires a claimant to prove that she suffers from an impairment or combination of impairments which prevents the performance of basic work activities. SSR 02-1p reaffirms that the burden is on the Claimant to present evidence of any claimed impairment and/or any combination of impairments:

> However, we will not make assumptions about the severity or functional effects of obesity combined with other impairments. Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment. We will evaluate each case based on the information in the case record.

SSR 02-1p, 2000 WL 628049 at *6. Furthermore, contrary to Claimant's assertions, an ALJ does not have to make specific findings regarding a claimant's obesity so long as the

Court can conclude from the ALJ's decision that the ALJ considered the claimant's medical condition as a whole. *Hennes v. Comm'r of Soc. Sec. Admin.*, 130 F. App'x 343, 348 n.11 (11th Cir. 2005) (internal quotation marks and citation omitted).

It is clear from the record that the ALJ did consider the Claimant's obesity in determining her RFC. The ALJ considered Claimant's specific arthritic complaints and how her changing weight affected those complaints, her pain, and range of motion. (Tr. 64-65.) The ALJ also found that Claimant was diagnosed with sleep apnea, but that the sleep apnea should not result in significant limitations with the proper treatment. (Tr. 62.) Thus, contrary to Claimant's assertion, the ALJ considered the Claimant's obesity and complied with SSR 02-1p. This contention is without merit.

**IV.     Did the Appeals Council err in failing to remand the case?**

Claimant's final enumeration of error states that the Appeals Council erred in failing to review Claimant's case based on the submission of new evidence. The Regulations state that the Appeals Council will review an ALJ's decision only when it determines, after review of the entire record including the new and material evidence, that the decision is contrary to the weight of the evidence currently in the record. 20 C.F.R. § 404.970(b). New evidence presented to the Appeals Council must relate to the period on or before the ALJ's hearing decision. *Id.* In the case at bar, the Appeals Council received the new evidence and considered it, but determined that the evidence did not provide a basis for changing the final decision of the ALJ. (Tr. 4-5.)

When the Appeals Council has denied review of new evidence properly presented,

13

a reviewing court must consider whether the denial of benefits is supported by substantial evidence in the record as a whole, including the evidence submitted to the Appeals Council. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262, 1266-67 (11th Cir. 2007). If denial of benefits is erroneous, the decision of the Appeals Council is subject to modification, reversal or remand pursuant to sentence four of 42 U.S.C. § 405(g). *Id*.

Here, Claimant submitted additional evidence concerning treatment which occurred in July 2008, October 2008, December 2008, February 2009, March 2009, May 2009, June 2009, and July 2009. (Tr. 13-52.) Although these records are from the period after the ALJ's June 26, 2008, decision, Claimant argues that they are "clearly related to the period of time reviewed by the ALJ." (Pl.'s Mem. 23.) The Court disagrees. While the letter from Dr. Bognar dated July 9, 2008, (Tr. 13) does seem to refer to Claimant's prior treatment, this letter does not provide any new evidence or additional information that would show that the ALJ's opinion is contrary to the weight of the evidence. Furthermore, Claimant has failed to provide good cause for not presenting this evidence to the ALJ. *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998). The remainder of the new evidence is not related to the relevant time period, and need not be considered. 20 CFR § 404.970(b). Thus, the Appeals Council correctly determined that the case need not be reviewed or remanded. The Appeals Council decision should be affirmed.

## CONCLUSION

WHEREFORE, it is the recommendation to the United States District Judge that

the decision of the Commissioner be AFFIRMED. Pursuant to 28 U.S.C. § 636(b)(1), the Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 8th day of August, 2011.

S/ Stephen Hyles
UNTED STATES MAGISTRATE JUDGE